UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY VICKERS,

    Plaintiff,

v.                                    CASE No. 8:08-CV-599-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1] The claim was denied on the ground that the plaintiff was capable of returning to past work as an administrative assistant and a fund-raising clerk. However, the evidence does not support a finding that the plaintiff had previously worked at those jobs. Accordingly, the decision of the Commissioner of Social Security will be reversed and the matter remanded for further consideration.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

I.

The plaintiff, who was forty-nine years old at the time of a second administrative hearing and who completed one year of college, was said to have worked as a mail clerk, fund-raising clerk, and administrative assistant (Tr. 66-67, 350).[2] She filed a claim for supplemental security income payments, alleging that she became disabled due to neck and back problems and headaches (Tr. 65). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative disc disease, hypertension, headaches, allergic rhinitis, hypothyroidism, and neck, shoulder, and low back pain (Tr. 300). He concluded that these impairments restricted the plaintiff to a full range of light work (id.). He determined that, despite these impairments, the plaintiff could return to prior work as a mail clerk, fund-raising clerk, and administrative assistant (Tr. 301). The law judge therefore ruled that the plaintiff was not disabled (id.).

---

[2]The plaintiff, however, in her disability report, indicated that she completed two years of college (Tr. 70).

Upon the plaintiff's request for review, the Appeals Council remanded the matter for another hearing (Tr. 303-04). Among other things, the Appeals Council directed the law judge to give further consideration to the plaintiff's prior jobs and whether the plaintiff's residual functional capacity permits her to perform prior work (Tr. 303). The Appeals Council stated (id.):

> The Administrative Law Judge found that the claimant could return to her past relevant work as an administrative assistant, fund-raising clerk and mail clerk (Finding No. 6). However, the mental and physical demands of these jobs were not compared with the residual functional capacity (Social Security Ruling 82-62). Moreover, it is not entirely clear that all of these jobs were performed at the substantial gainful activity level. For example, in a Disability Report-Adult (SSA-3368) dated June 1, 2003, the claimant indicated that she worked as a mail clerk from February 1992-July 1995 (Exhibit 1E). An updated earnings record reveals that no earnings are posted to 1992 and 1994, and $1258.30 is posted to 1995; these earnings do not readily appear to represent substantial gainful activity (20 CFR 416.971-976).

The Appeals Council told the law judge on remand to "[c]ompare the residual functional capacity with the physical and mental demands of the claimant's

past relevant work if it is again determined that the claimant can return to her past relevant work (Social Security Ruling 82-62)" (Tr. 304).

Upon remand, the same law judge conducted another hearing, at which the plaintiff, medical expert Dr. Owen Linder, and vocational expert Joyce Cartright testified (see Tr. 349). In his second decision, the law judge found that the plaintiff has severe impairments of "degenerative disk disease (DDD) of the cervical and lumbar spine, hypertension, hypothyroidism, allergic rhinitis, obesity, history of paravertebral muscle strain with cervical, lumbar, shoulder and headache pain status post MVA on August 19, 2002, depression and anxiety" (Tr. 16). The law judge concluded that, in light of these impairments, the plaintiff had the residual functional capacity to perform the full range of light work with no more than mild restriction in activities of daily living, mild difficulties in maintaining social functioning, and mild limitation in her ability to maintain concentration, persistence, or pace (Tr. 21). The law judge, citing the testimony of the vocational expert, concluded that, despite these limitations, the plaintiff could return to her past work as an administrative assistant and a fund-raising clerk (Tr. 26). Accordingly, the law judge decided that the plaintiff is not disabled (Tr. 27).

The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c).

When an impairment is severe, but does not meet, or equal, an Appendix 1 listing (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy (20 C.F.R. 416.920(g)).

## III.

The plaintiff contends that the law judge's analysis of her past relevant work was inadequate (Doc. 22, pp. 13-17). This contention has merit. As the law judge did not continue in his analysis to determine whether "other work" exists that the plaintiff could perform, the error regarding past work is not harmless, and the Commissioner makes no argument to the contrary.

In the law judge's first decision, the plaintiff was found capable of performing her past relevant work as a mail clerk, fund-raising clerk, and administrative assistant (Tr. 300).[3] However, this case was remanded by the Appeals Council and, as indicated, the law judge was directed, among other things, to compare the plaintiff's residual functional capacity with the physical and mental demands of the claimant's past relevant work. The law judge failed to follow that directive.

---

[3] At the second hearing, the law judge noted the Appeals Council's decision in this regard and stated "[i]n my prior decision I did not utilize mail clerk as a past relevant work. So, I'm curious as to why the Appeals Council even asserted that. My decision wasn't predicated on the ability to do mail clerk work" (Tr. 351). As indicated, however, in that decision, mail clerk was identified as a prior job that the plaintiff could perform despite her functional limitations (Tr. 300).

The law judge simply found that the plaintiff's past work as an administrative clerk is sedentary in exertional demands and semi-skilled in nature, and her work as a fund-raising clerk is sedentary and low-end skilled in nature (Tr. 27). Arguably, this is sufficient to constitute an adequate comparison of the plaintiff's residual functional capacity and the physical demands of the jobs. However, it does not meaningfully show a comparison with the mental demands of the jobs.

This issue highlights the inconsistency between the law judge's findings that the plaintiff had severe impairments of depression and anxiety (Tr. 16) and his findings that the plaintiff only had mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace (Tr. 21). A severe mental impairment means that the plaintiff has significant limitations in mental abilities. 20 C.F.R. 416.921(a). Thus, in order to have a severe mental impairment, the plaintiff must have at least some moderate limitations in her mental abilities.

Furthermore, the law judge's findings regarding the areas of activities of daily living, social functioning, and concentration, persistence, or pace do not constitute an adequate assessment of the plaintiff's mental

residual functional capacity. "The mental RFC assessment at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories" found in the four functional areas used at step two. Social Security Ruling 96-8p, 1996 WL 374184 at *4 (S.S.A.). "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." Id. at *6.

The law judge did not conduct any such mental residual functional capacity assessment. Consequently, he was in no position to carry out a comparison with the mental demands of the jobs of administrative assistant and fund-raising clerk. Furthermore, such a comparison was precluded by the law judge's failure to articulate the mental demands of those two jobs. The law judge therefore did not comply with the direction of the Appeals Council (Tr. 303-04) and Social Security Ruling 82-62, 1982 WL 31386 (S.S.A.), to compare the plaintiff's residual functional capacity with the physical and mental demands of her past relevant work.

There is a more fundamental reason why the law judge's finding that the plaintiff could return to prior work as an administrative assistant and fund-raising clerk is erroneous. The plaintiff correctly indicates that the record does not show that the plaintiff ever worked at those jobs (Doc. 22, p. 14).

Social Security files (at least in the past) have included a Work History Report (Form SSA-3369-BK (12-2001)) which requests detailed information concerning a claimant's past jobs and the demands of those jobs. There were no such forms in the record in this case.

The only form in the file listed three jobs: (1) "Admin Asst." with Software Co.; (2) "Fund-raising Clerk" with a fund-raising service, and (3) "Mail Clerk" with the Postal Service (Tr. 66). The job of mail clerk was said to have been performed the longest, and the demands of only that job were set forth (Tr. 66-67).

The plaintiff asserts that this work history was taken telephonically by a Social Security Administration employee, and that the employee got the information wrong (Doc. 22, pp. 13-14). The record supports that assertion. For example, there is no indication that the plaintiff

ever worked for the Postal Service. Moreover, the plaintiff did not work the longest as a mail clerk; rather, the law judge found that the plaintiff's "work as a mail clerk was not performed long enough to be considered as past relevant work" (Tr. 27).

Moreover, with respect to the jobs of administrative assistant and fund-raising clerk that the law judge found did constitute past relevant work, it appears that the Social Security Administration employee who received the telephone information mischaracterized those jobs. There is no evidence in the record indicating the plaintiff was ever an administrative assistant with a software company. The plaintiff testified (Tr. 337):

> Q   Okay, and what were you doing at the software company?
>
> A   The software company I did paper, I filed papers.
>
> Q   Doing filing. Anything else?
>
> A   I can't remember other stuff I did. I did other stuff though.

That job could not be the same as the skilled job of administrative assistant with an SVP of 7 that the vocational expert considered as past work (Tr. 374). Notably, the plaintiff's testimony regarding her work at a software company

-12-

was given at the first hearing, and the vocational expert was not present at that hearing (Tr. 334). There is no indication that the plaintiff's testimony at the first hearing was called to the expert's attention at the second hearing. Consequently, the expert's opinion that the plaintiff could return to past work as an administrative assistant was based on the mistaken belief that the plaintiff had previously worked as an administrative assistant.

There are similar circumstances with respect to the job that was listed by the Social Security Administration employee as fund-raising clerk. With respect to that job, the plaintiff testified (Tr. 336-37):

> Q   Okay, do you recall what the last work you did was?
>
> A   I worked, I did, put some gifts in boxes.
>
> Q   Was that the job that they're categorizing as fund raising do you think?
>
> A   Yes.
>
> Q   Okay, and you put gifts in boxes. Were you pulling orders?
>
> A   Yes.

Again, there is no indication that the plaintiff's testimony at the first hearing regarding this job was made known to the expert. Rather, the expert,

apparently based upon the job title given by the Social Security Administration employee, considered the job to include scripts (Tr. 377). Thus, the expert appears to have mistakenly thought that the job involved fund-raising through the use of scripts, instead of pulling orders.

In short, the evidence does not support the determination that the plaintiff worked as an administrative assistant or a fund-raising clerk as those jobs were viewed by the expert.

What jobs the plaintiff actually did perform is not clear due to her vague testimony about past work. However, the regulations provide that, "[u]nder certain circumstances, we will ask you about the work you have done in the past. If you cannot give us all of the information we need, we will try, with your permission, to get it from your employer or other person who knows about your work, such as a member of your family or a co-worker." 20 C.F.R. 416.965(b). That approach may develop on remand other types of jobs that the plaintiff actually did perform and to which she could return. But the finding that she had past work as an administrative assistant and a fund-raising clerk is not supported by substantial evidence.

Furthermore, the law judge did not proceed further in the sequential analysis process to determine if there are other jobs that the plaintiff could perform. 20 C.F.R. 416.920. Accordingly, the error at step four of the Commissioner's sequential analysis regarding past work is not harmless in light of the failure to consider at step five whether the plaintiff could perform "other work" that exists in substantial numbers in the national economy. Significantly, the Commissioner does not argue that the error was harmless.

The plaintiff's second argument is that the hypothetical question to the vocational expert was flawed (Doc. 22, pp.17-19). She claims that the hypothetical question did not take into consideration her "severe memory and concentration impairments, her major recurrent depression which causes her to hear voices, not want [sic] to get up in the morning and her chronic pain" (id., p. 18). This issue is appropriately pretermitted. In light of the inconsistency and deficiency previously pointed out with respect to the determination of the plaintiff's mental residual functional capacity, it is expected that that matter will be revisited on remand.

The plaintiff also argues that the law judge's credibility determination fails to comply with Eleventh Circuit case law (id., pp. 19-21). Specifically, the plaintiff contends that the law judge failed to consider fully the plaintiff's allegations of chronic pain, fatigue, drowsiness and inability to concentrate due to anxiety, depression, side effects of medications and pain due to cervical and lumbar degenerative joint disease, in his consideration of her subjective complaints (id., p. 20). Further, the plaintiff states that no evidence exists to refute the claimant's allegations and testimony and therefore, they must be taken as true (id., p. 21). This argument is meritless.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an

impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

Applying this standard, the law judge found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (Tr. 23). The law judge then proceeded to explain in great detail the medical evidence and his reasoning for this finding (Tr. 23-26). Throughout the more than eleven pages of single-spaced text, the law judge set forth reasons for discounting the plaintiff's subjective complaints. The explanation is both adequate and reasonable. Moreover, it amply supports the law judge's conclusion that "the claimant's impairments, considered either singly or in combination, do not preclude the performance of all substantial gainful activity in accordance with the objective, clinical findings, the claimant's daily activities, the testimony of the medical expert and the testimony of the vocational expert" (Tr. 26).

Furthermore, the plaintiff's contention that the law judge failed to consider allegations of drowsiness from medications is unpersuasive. The medical records do not reflect complaints of that nature, and the plaintiff did not testify to such side effects.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED to the Commissioner for further proceedings. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 8th day of June, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE