UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY VICKERS,

    Plaintiff,

v.                                    CASE No. 8:08-CV-599-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Attorneys' Fees (Doc. 26) filed by counsel for the plaintiff on September 8, 2009. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $4,033.89 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of her supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated June 9, 2009 (Doc. 24). Judgment was therefore

entered in favor of the plaintiff (Doc. 25). The plaintiff then filed this application for attorneys' fees under the EAJA (Doc. 26).

The EAJA requires a court to award attorneys' fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorneys' fees in the amount of $4,033.89 (Doc. 26). This amount represents 3.65 hours of service before the court in 2008 at an hourly rate of $165.00 and 1.75 hours in 2009 at an hourly rate of $169.51 by attorney Michael Steinberg and 19.0 hours of service before the court in 2008 at an hourly rate of $165.00 by attorney Jan Kelley (id., pp. 2-3).* The defendant has not responded despite adequate time to do so.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorneys' fees unjust.

---

*The plaintiff indicates that attorney Jan Kelley requests an hourly rate of $169.51 for work performed in 2008. However, that rate is clearly a mistake. Nineteen hours multiplied by $165.00, the same rate her colleague asked for in 2008, equals the total amount Jan Kelley requested for work performed that year or $3,135.00 (Doc. 26, p. 3).

Accordingly, the award of attorneys' fees to the plaintiff in this case is appropriate under the EAJA.

The claim of 23.4 hours for services performed in this case and one hour for preparing the fee petition appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsels' hourly rate, the applicants assert that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $165.00 per hour for work performed in 2008, and to $169.51 per hour for work performed in 2009 (Doc. 26, pp. 2-3). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether

the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour. Frankly, if that rate were subject to scrutiny following an objection, it would probably be found to be unreasonably high.

I have previously approved requests for an hourly rate of $165.00 for work done in 2008. Therefore, the requested rate of $165.00 for work performed in 2008 will be accepted.

Further, the work performed in 2009 will be awarded at the requested rate of $169.51. This hourly rate does not appear unreasonable and, as indicated, it is not challenged by the defendant. Accordingly, the 22.65 hours of work performed in 2008 will be awarded at a rate of $165.00, and the 1.75 hours of work in 2009 will be calculated at a rate of $169.51, for a total of $4,033.89.

Finally, it is requested that the attorneys' fees be paid directly to plaintiff's counsel (Doc. 26, p. 3). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff agreed that the EAJA award be made to her counsel (Doc. 26-4, p. 1). Furthermore, the defendant has not raised any opposition

to an award of attorneys' fees under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorneys' fees and costs is payable to plaintiff's counsel in this case.

For the foregoing reasons, the Plaintiff's Motion for Attorneys' Fees (Doc. 26) is hereby **GRANTED**. The plaintiff is hereby awarded the amount of **$4,033.89** in attorneys' fees be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 1st day of November, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE